## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DONTOYA BLEDSOE, on behalf of
J.D.B., a minor child,

               Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

               Defendant.

Case No. 11-CV-600-FHM

## OPINION AND ORDER

Plaintiff, Dontoya Bledsoe on behalf of J.D.B., a minor child,, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]     Plaintiff's March 3, 2009, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held May 19, 2010. By decision dated July 23, 2010, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on August 4, 2011.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

The claim for benefits was brought on behalf of the minor child by his mother.[2] Plaintiff was eleven years old on February 23, 2009, the date the application for disability was filed, and was thirteen years old on the date of the ALJ's decision. He claims to be disabled as a result of a learning disorder and behavioral problems which cause marked and severe functional limitations which meet the requirements of disability under 20 C.F.R. § 416.924(a).

## Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity. If not, the next consideration is whether the child has a "severe" mental or physical impairment. A "severe" impairment is one that causes more than minimal functional limitations. If a "severe" impairment is identified, the claim is reviewed to determine whether the child has an impairment that: 1) meets, medically equals, or

---

[2] For the sake of clarity, the court will refer to the child as Plaintiff.

2

functionally equals the listings of impairments for children;[3] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

## The ALJ's Decision

The ALJ applied the three-step sequential evaluation process for determining whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924(a). The ALJ found that Plaitniff did not meet a listing and proceeded to consider Plaintiff's level of functioning in the six domains described above. The ALJ found that Plaintiff did not meet the definition of disability as he did not have an impairment or combination of impairments

---

[3] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

that result in either "marked" limitations in two domains of functioning or "extreme" limitations in one domain. [R. 28]. In particular, the ALJ found Plaintiff has: "less than marked limitation in acquiring and using information," [R. 24]; "less than marked limitation in attending and completing tasks," [R. 25]; "no limitation in interacting and relating with others," [R. 26]; "no limitation in moving about and manipulating objects," [R. 27]; "no limitation in the ability to care for himself," [R. 28]; "no limitation in health and physical well-being," [R. 28].

## Plaintiff's Allegations

Plaintiff asserts the ALJ erred: 1) in failing to find that he meets or equals a listed impairment; 2) in failing to consider all of the evidence of record in assessing whether Plaintiff's impairments functionally equaled a listed impairment; and 3) in failing to perform a credibility determination.

## Analysis

### Analysis of Listed Impairment

Plaintiff claims that the ALJ ignored the features of listing §112.11 which addresses attention deficit hyperactivity disorder (ADHD). The following criteria must be met for a finding of disability under §112.11:

> 112.11 *Attention Deficit Hyperactivity Disorder*: Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented findings of all three of the following:
> 1. Marked inattention; and
> 2. Marked impulsiveness; and

4

       3.  Marked hyperactivity;

AND

B.                              *   *   *
[F]or children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §112.11.  Paragraph B2 of 112.02 requires: documented medical findings of marked impairment in age-appropriate cognitive/communication function; marked impairment in age-appropriate social functioning, documented by history and medical findings; marked impairment in age-appropriate personal functioning, documented by history and medical findings; or marked difficulties in maintaining concentration, persistence, or pace.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, §112.02.

It is Plaintiff's burden to show that his impairments are equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  Furthermore, *all* of the specified medical criteria must be matched to meet a listing.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that Dr. Snider's report of April 29, 2010 supplies the required medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity because Dr. Snider noted "very elevated" scores were reported on the "Inattention Hyperactivity/Impulsivity, Learning Problems, Executive Function Scales" on the Connors 3 assessment.  [Dkt. 13, p. 3; R. 260].  Plaintiff notes that the ALJ recited portions of Dr. Snider's report, but failed to note the scores on the Connors 3 assessment.

5

[Dkt. 13, p. 3].  According to Plaintiff, Dr. Snider's report provides evidence that he met listing 112.11 and that the ALJ erred by not properly considering or weighing the report. *Id*.

The court finds no error in the ALJ's treatment of Dr. Snider's report.  The ALJ obviously considered the report as he mentioned it in the decision.  [R. 21-22].  Dr. Snider's report does not demonstrate that Plaintiff meets listing 112.11.  Regarding the results of the Connors 3 assessment, Dr. Snider notes that the "very elevated scores" were the result of concerns reported by Plaintiff's mother.  [R. 260].  Although Dr. Snider diagnosed Plaintiff with ADHD, the summary and conclusions section of the report does not contain any information that could possibly be construed as a "marked" finding.  [R. 261].  Rather, Dr. Snider stated:  "[i]nformation gathered for this evaluation *suggests* that [the child] meets the diagnostic criteria for ADHD, Combined Type and Depressive Disorder, NOS."  [R. 261] [emphasis supplied].  That language is far short of a finding required to meet the listing. The ALJ's statement that he found "no evidence" that Plaintiff meets a listing is thus supported by substantial evidence.  Further, since the language Dr. Snider employed did not come close to addressing the listing criteria, the court finds no error in the ALJ's failure to discuss Dr. Snider's report in the context of a listing analysis.[4]

<u>Functional Equivalence of Listing</u>

Plaintiff argues that he is markedly limited in at least two of the domains of functional equivalence, which would result in a favorable disability decision.  Plaintiff also

---

[4] Since the evidence failed to establish the part A requirements of listing 112.11, it is not necessary to address the part B requirements.  Further, the part B requirements closely parallel the domains of functional equivalence and the evidence discussed in relation to the domains also pertains to the part B requirements of listing 112.11.

asserts that the ALJ selectively cited to the evidence to support his decision.  The court finds that the ALJ appropriately cited to the record to support his findings and that the findings are supported by substantial evidence in the record.

Plaintiff asserts that a marked limitation in the domain of "acquiring and using information" is demonstrated by teacher evaluations which show he performed below grade level and by the school psychometrist report of weaknesses in several areas when Plaintiff was in second grade.  The ALJ supported his finding of a less than marked limitation in this area by references to test scores, more recent teacher reports, and the fact that Plaintiff is in general education in four out of six periods during the school day.  [R. 24].  One of the exhibits the ALJ cited was a form completed in April 2009 by Plaintiff's special education teacher who had observed Plaintiff from September 2008 until April 2009.  The form asked the teacher to rate Plaintiff in ten different activities related to "acquiring and using information." [R. 165].  The activities were rated on a five-point scale:  1) no problem; 2) a slight problem; 3) an obvious problem; 4) a serious problem; and 5) a very serious problem.  For seven of the activities, the teacher rated Plaintiff as having no problem. None of the areas were rated as having a serious or very serious problem.  In the narrative comments section, the teacher wrote "capable but does not exert himself."  *Id*.  The evidence Plaintiff cited which was recorded when Plaintiff was in the second grade does not overwhelm the evidence cited by the ALJ so as to deprive the ALJ's finding of being supported by substantial evidence.

The ALJ found that Plaintiff had less than marked limitations in the domain of "attending and completing tasks."  [R. 25].  The ALJ cited the special education teacher's report discussed above and the Disability Determination Unit reviewing psychologist's

evaluation of the record to support this finding.  In the same report discussed above, the special education teacher wrote that Plaintiff was "within normal range" and "does not exert himself" in the area of attending and completing tasks.  [R. 166].  The ALJ's finding is supported by substantial evidence.

The ALJ found that Plaintiff has no limitation in the domain of "interacting and relating with others."  [R. 26].  Plaintiff points to Dr. Snider's report as supporting a finding that Plaintiff has "very serious" limitations in this area.  The court disagrees with Plaintiff's interpretation of Dr. Snider's report.  Dr. Snider's report does not purport to make findings of marked limitations, but only suggests limitations <u>may be</u> present.  For instance, Dr. Snider reports "he <u>may be</u> highly dependent and <u>may engage</u> in self-depreciating actions," "he <u>may assume</u> a peripheral, isolate role in school and social relationships," there "<u>may be</u> deficiencies in functioning autonomously," and he "<u>may feel</u> strained" in talking with peers.  [R. 260-61].  In contrast to Dr. Snider's equivocal comments concerning his one-time visit with Plaintiff, the special ed teacher who observed Plaintiff with his peers for months in the school environment reported "no problems observed in this domain; functioning appears age-appropriate."  [R. 167].  The court finds that the ALJ's finding of no limitation in this area is supported by substantial evidence.

The ALJ found that Plaintiff had no limitation in the domain of caring for himself.  [R. 28].  Plaintiff states that the ALJ "ignores evidence that Claimant is likely overly dependent, did not deliver phone messages, wash his own hair, or chose his own clothes at almost twelve years of age."  [Dkt. 13, p. 7].  The information cited by Plaintiff in support of a marked limitation in this domain is taken out of context.  The statement that Plaintiff is "likely overly dependent" is one of several equivocal statements in Dr. Snider's report that

8

do not address Plaintiff's ability to care for himself.  [R. 260-61].  The remaining information

Plaintiff cited was obtained from a function report checklist completed by Plaintiff's mother.

[R. 147, 151]  In the same form Plaintiff's mother reported that Plaintiff was able to do the

following:  uses zipper by self; buttons clothes by self; ties shoelaces; takes bath or shower

without help; brushes teeth; combs or brushes hair; eats by self using knife, fork, and

spoon; picks up and puts away toys; hangs up clothes; helps around the house; does what

he is told most of the time; obeys safety rules; gets to school on time; accepts criticism or

correction.  [R. 151].  The ALJ accurately recounted the hearing testimony of Plaintiff's

mother that Plaintiff does his chores, gets along with most kids, is athletic, and is able to

groom himself and care for his personal needs.  [R. 21].  The ALJ's finding that Plaintiff has

no limitation in his ability to care for himself is supported by substantial evidence.

The evidence does not support a finding that Plaintiff has a marked limitation in any

domain.  The court rejects Plaintiff's assertion that the regulatory definition in 20 C.F.R. §

416.926a(e)(3)(iii) of "extreme" limitation can somehow be applied to his case to require

an immediate award of benefits.

<u>Credibility Analysis</u>

Plaintiff argues that the case should be reversed because the ALJ did not perform

a credibility analysis.  The ALJ accurately outlined the salient points of Plaintiff's mother's

testimony.  [R. 21].  The ALJ did not state that he disbelieved or rejected any of her

testimony.  Rather it appears that the testimony of Plaintiff's mother was taken into account

along with all of the other evidence of record.  While that testimony described Plaintiff's

problems, the problems described were not so severe as to meet the specific requirements

for establishing disability for a child as set out in 20 C.F.R. § 416.924(a).  The court finds

that there is no reason to remand the case for a credibility determination.

### Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal

standards established by the Commissioner and the courts.  The Court further finds there

is substantial evidence in the record to support the ALJ's decision.  Accordingly, the

decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 31st day of October, 2012.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE